NOT DESIGNATED FOR PUBLICATION

No. 127,633

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICARDO AYALA-LOPEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN SMITH, judge. Submitted without oral argument. Opinion filed December 12, 2025. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and PICKERING, JJ.

PER CURIAM:  Ricardo Ayala-Lopez appeals the district court's denial of his motion to appeal out of time, claiming he directed his trial counsel to file an appeal and trial counsel failed to file the appeal. After review, we find substantial competent evidence supports the district court's denial of Ayala-Lopez' motion, and we affirm.

1

In 2018-CR-2304, the State charged Ricardo Ayala-Lopez with attempted aggravated criminal sodomy, two counts of rape, five counts of aggravated indecent liberties with a child, criminal sodomy, and two counts of indecent liberties with a child. Ayala-Lopez faced seven off-grid sentences. In 2019-CR-600, the State charged Ayala-Lopez with three counts of aggravated intimidation of a witness, intimidation of a witness, and three counts of violation of a protective order.

Pursuant to a plea agreement, Ayala-Lopez pled no contest to aggravated criminal sodomy, aggravated indecent liberties with a child, and criminal sodomy in 2018-CR-2304 and three counts of aggravated intimidation of a witness in 2019-CR-600. In total, Ayala-Lopez pled to an off-grid person felony, two severity level 3 person felonies, and three severity level 6 person felonies. As part of the plea agreement, the State agreed to recommend a downward departure to the sentencing grid, recommend the aggravated number in the sentencing grid for a severity level 1 person felony for aggravated criminal sodomy, and recommend the aggravated number in the appropriate sentencing grid box for aggravated indecent liberties with a child.

At sentencing, the district court followed the plea agreement. In 2018-CR-2304 the district court departed to the sentencing guidelines and sentenced Ayala-Lopez to 203 months' imprisonment for the aggravated criminal sodomy conviction. The court also sentenced Ayala-Lopez to 61 months' imprisonment for aggravated indecent liberties with a child and 61 months' imprisonment for criminal sodomy. In the second case, 2019-CR-600, the district court sentenced Ayala-Lopez to 22 months' imprisonment on one count of aggravated intimidation of a witness and 17 months' imprisonment for each of the remaining two counts of aggravated intimidation of a witness. The district court ran the sentences for aggravated criminal sodomy, aggravated indecent liberties with a child, and criminal sodomy consecutive, but ran the sentences for aggravated intimidation of a

witness concurrent. After explaining Ayala-Lopez' right to appeal, the district court clarified the total sentence would be 325 months' incarceration.

A year later, Ayala-Lopez sent a letter to the district court asking about the status of an appeal in his cases. In April 2023, more than three-and-a-half years after sentencing, Ayala-Lopez filed a motion to appeal out of time, citing *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). He asserted his counsel failed to perfect his appeal and failed to notify Ayala-Lopez that he could file a pro se notice of appeal. In August 2023, Ayala-Lopez filed an affidavit alleging his counsel failed to file an appeal after Ayala-Lopez requested one. He also alleged: "Then at sentencing I asked him to file an appeal and he told me 'I am done with your case and do not represent you anymore. If you want an appeal, do it yourself or try to find a way.'"

At the hearing on Ayala-Lopez' motion to appeal out of time, Ayala-Lopez explained he "would rather remain quiet" and told the district court, "All the information is written in the statement" he sent to his motion counsel. The district court questioned whether Ayala-Lopez was asserting his right under the Fifth Amendment to the United States Constitution to remain silent, and Ayala-Lopez confirmed he was. Through counsel, Ayala-Lopez asked that the court consider Ayala-Lopez' affidavit. The court replied, "I'm not going to consider the affidavit." The district court asked Ayala-Lopez, "Did you tell your attorney to file an appeal in your cases?" Ayala-Lopez replied, "Yes." He provided no other testimony on the topic.

Ayala-Lopez' trial counsel also testified. He told the court that he remembered "having a conversation with Mr. Ayala-Lopez following his sentencing hearing where we discussed his right to appeal." Trial counsel acknowledged he did not remember the district court advising Ayala-Lopez of the right to appeal, or whether the conversation discussing Ayala-Lopez' appeal rights were done with an interpreter. Trial counsel testified Ayala-Lopez did not tell him to file an appeal that day and continued, "Just

because it was several years ago I'm not comfortable saying that it's impossible, but I have no recollection of Mr. Ayala-Lopez after that conversation requesting that I file a notice of appeal." Trial counsel explained that, had he been asked to file an appeal, he would have done so.

On cross-examination, in an apparent attempt to call trial counsel's memory into issue, Ayala-Lopez' counsel asked if trial counsel recalled Ayala-Lopez asking to withdraw his plea. Trial counsel acknowledged he did not remember Ayala-Lopez asking to withdraw his plea. The State objected based on relevance. Overruling the objection, the district court stated:

"And then [trial counsel], obviously, he is an officer of the court. I have no reason to doubt his credibility. However, if the defendant potentially asks him to file a motion withdrawing his plea, that could go to weight and credibility of this witness's testimony.

"And also [trial counsel] has acknowledged this was a long time ago, and he doesn't specifically recall some things. Again, it could go [to] weight and credibility of this witness, so I will allow that question."

Trial counsel testified he asked Ayala-Lopez if he wanted to appeal and "Mr. Ayala-Lopez declined to have me file a notice of appeal."

The district court confirmed Ayala-Lopez was facing a life sentence and the plea reduced that sentence to 325 months' imprisonment. Later, the court ruled that it found trial counsel's testimony was "far more compelling than the defendant's." The district court also found the plea Ayala-Lopez received was a compelling reason not to appeal. The district court concluded Ayala-Lopez had not met his burden and denied his motion to file an appeal out of time.

Ayala-Lopez timely appeals that decision.

ANALYSIS

*Standard of Review*

A district court's decision on whether an exception under *Ortiz* applies to the time deadline for filing an appeal is reviewed on appeal under a dual standard. An appellate court reviews the facts underlying the district court's ruling for substantial competent evidence. The legal conclusions made by the district court on those facts as to whether the exception applies are reviewed de novo. *State v. Collins*, 320 Kan. 211, 216, 564 P.3d 393 (2025).

*Discussion*

A notice of appeal must be filed within 14 days of the district court's judgment. K.S.A. 22-3608(c). There are limited exceptions to the time limit to file a criminal appeal, however. These exceptions, which are referred to as *Ortiz* exceptions, are recognized in the interest of fundamental fairness only when an indigent defendant was either: "'(1) . . . not informed of the rights to appeal or (2) was not furnished an attorney to perfect an appeal or (3) was furnished an attorney for that purpose who failed to perfect and complete an appeal.'" *Collins*, 320 Kan. at 216.

Ayala-Lopez relies solely on the third exception. The record indicates Ayala-Lopez was informed of his right to appeal and Ayala-Lopez had an attorney who failed to perfect the appeal.

The third *Ortiz* exception involves a consideration of the effectiveness of counsel, i.e., whether "counsel's objectively unreasonable performance prevented [the defendant]

5

from filing a timely appeal." *State v. Shelly*, 303 Kan. 1027, 1051, 371 P.3d 820 (2016). To be successful, the defendant must show: "'(1) Whether the defendant told his or her counsel to appeal, but the attorney failed to file or perfect the appeal; and, (2) if so, the defendant will enjoy a presumption of prejudice but must show that he or she would have timely appealed, but for counsel's failure.'" *Collins*, 320 Kan. at 220-21.

*Substantial competent evidence supports the district court's findings.*

As discussed in the standard of review, analysis of whether an *Ortiz* factor applies is a two-step process. In the first step, an appellate court reviews the facts underlying the district court's ruling for substantial competent evidence. *Collins*, 320 Kan. at 216. Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021). "When an appellate court reviews a district court's findings of fact, it must not substitute its own judgment of the facts and assessment of witness credibility for that of the district court, even when it reasonably finds witness testimony 'unpersuasive.'" *Granados v. Wilson*, 317 Kan. 34, 55, 523 P.3d 501 (2023). Instead, the appellate court reviews whether the evidence is sufficient to support—not necessarily to prove—the fact-finder's conclusion. *State v. Morley*, 312 Kan. 702, 712, 479 P.3d 928 (2021).

Ayala-Lopez argues the district court erred when it found his trial attorney's testimony compelling. Ayala-Lopez contends the district court erroneously deferred to his trial attorney as an officer of the court and erroneously concluded that, based on the plea and sentence, the case would not warrant an appeal. Essentially, Ayala-Lopez complains that the district court found that his trial counsel was the more credible witness.

6

At the hearing on Ayala-Lopez' motion to file an appeal out of time, he informed the district court that "all the information I provided to you guys already, and I would rather remain quiet." He informed the court that "everything that I have to say" was in the affidavit and asserted his Fifth Amendment right to remain silent on the issue. The district court informed the parties it would not consider the affidavit. The court asked Ayala-Lopez if he told his attorney to file an appeal in Ayala-Lopez' cases, and Ayala-Lopez responded, "Yes."

Following Ayala-Lopez' answer to the court's question, the State followed up by asking Ayala-Lopez, "What was [trial counsel's] response when you told him [to file an appeal]?" Ayala-Lopez' response was, "Nothing. He didn't answer anything." This statement was in direct contradiction to Ayala-Lopez' affidavit, which recited that trial counsel responded: "I . . . do not represent you anymore. . . . [D]o it yourself . . . ."

In contrast, Ayala-Lopez' trial counsel testified he remembered speaking with Ayala-Lopez regarding his right to appeal following sentencing. Trial counsel explained Ayala-Lopez did not tell him he wanted to file an appeal and that he had "no recollection" of Ayala-Lopez ever requesting he file a notice of appeal. Had Ayala-Lopez asked him to file an appeal within the statutory time, trial counsel would have filed the appeal.

On cross-examination, Ayala-Lopez asked trial counsel if he recalled Ayala-Lopez asking to withdraw his plea. The State objected based on relevance. The district court responded, in relevant part: "[Trial counsel], obviously, he is an officer of the court. I have no reason to doubt his credibility. However, if the defendant potentially asks him to file a motion withdrawing his plea, that could go to weight and credibility of this witness's testimony." Trial counsel stated he asked Ayala-Lopez if he wanted to file an appeal, and elaborated:

7

"I explained to him that the judge granted a departure off of the grid to the grid. And that if we did appeal and we were successful there's no guarantee that the State, once the case is back in the district court, would offer a plea offer to the grid again."

During his cross-examination, trial counsel was also asked if he remembered telling Ayala-Lopez, "I am done with your case and do not represent you anymore. If you want an appeal, do it yourself or try to find a way." Trial counsel replied that he did not "remember saying that, and . . . would like to think that [he's] never spoken with a client that way."

Here, because the district court heard conflicting testimony from two witnesses, the district court necessarily had to make a credibility determination to resolve Ayala-Lopez' motion to appeal out of time. Ayala-Lopez simply testified that he told his attorney to file an appeal. Otherwise, Ayala-Lopez intended to invoke the Fifth Amendment. He did not testify as to when, where, or how he directed his attorney to appeal. In contrast, his trial counsel testified that Ayala-Lopez did not request an appeal, that there were significant reasons not to appeal, and that he would have appealed if Ayala-Lopez had asked him to appeal. The district court found trial counsel's testimony "far more compelling than the defendant's." We may not reweigh conflicting evidence or weigh the credibility of witnesses. *Granados* 317 Kan. at 41.

In *State v. Bennett*, 318 Kan. 933, 550 P.3d 315 (2024), the Kansas Supreme Court considered a similar issue. There, at a hearing on his motion to file an appeal out of time, Bennett testified "that he had directed counsel to file a timely notice of appeal." 318 Kan. at 934. In contrast, Bennett's trial counsel testified "that Bennett did contact him after sentencing but unequivocally stated that Bennett did not ask him to file a direct appeal." 318 Kan. at 934. The Kansas Supreme Court rejected Bennett's argument, stating: "While Bennett argues that he asked counsel to file a timely appeal, counsel directly

refutes that claim. The district court found his counsel's testimony to be credible. We find the court's conclusion is supported by substantial competent evidence." 318 Kan. at 939.

Here, trial counsel testified he did not remember Ayala-Lopez ever requesting trial counsel file a notice of appeal and that, if he had been instructed to file a notice of appeal, he would have filed one. Substantial competent evidence supports the district court's finding.

Affirmed.