NOT DESIGNATED FOR PUBLICATION

No. 123,243

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADAM L. MORPHIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed June 18, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., POWELL and WARNER, JJ.

PER CURIAM: Adam L. Morphis appeals his sentence, claiming the district court abused its discretion in denying his request for a dispositional departure to probation. We granted Morphis' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has not responded. After a review of the record, we affirm.

Without the benefit of a plea agreement, and perhaps in an effort to obtain mercy from the district court, Morphis pled guilty as charged to a single count of electronic solicitation of a child, a severity level 3 person felony. Prior to sentencing, Morphis filed a motion seeking a dispositional departure to probation, citing his remorse, acceptance of

1

responsibility, completion of treatment for substance abuse, and his low risk of recidivism as substantial and compelling reasons to depart.

At his sentencing on August 11, 2020, the district court found Morphis' criminal history score to be I, making his presumptive prison sentence in the appropriate guidelines grid box as follows: (1) aggravated—61 months; (2) standard—59 months; and (3) mitigated—55 months. See K.S.A. 2020 Supp. 21-6804(a). Morphis presented evidence in support of his departure motion while the State opposed it, arguing for prison. After hearing the evidence, the district court denied Morphis' motion but did grant him a downward durational departure to 19 months in prison. While it cited Morphis' remorse, acceptance of responsibility, and efforts at treatment as substantial and compelling reasons to depart, the district court principally relied upon the disproportionate nature of Morphis' presumptive prison sentence as reasons to reduce his prison sentence. The district court noted that Morphis' acts of solicitation, if done directly instead of electronically, would have been contrary to indecent solicitation of a child, which was only a severity level 6 person felony, resulting in a much lower presumptive prison sentence. The district court reasoned that a 19-month prison sentence—the aggravated number in the appropriate sentencing grid box for indecent solicitation of a child and Morphis' criminal history score—was the appropriate sentence. But the district court rejected Morphis' request for probation, expressing concern about the impact of Morphis' crime on the victim.

Morphis now appeals his sentence, arguing the district court abused its discretion in denying his motion for a dispositional departure to probation, claiming no reasonable person would deny him probation given the substantial and compelling reasons the district court cited as its reasons for granting him a durational departure to a lesser prison sentence. We review a district court's decision to deny a departure sentence for an abuse of discretion. See *State v. Morley*, 312 Kan.702, 711, 479 P.3d 928 (2021). A district court abuses its discretion if it bases its decision on legal or factual errors or if no

2

reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Morphis bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

At the outset, we note Morphis sought summary disposition of this case. This means the case was submitted to us without briefing and on the record only. In the motion seeking summary disposition, Morphis' appellate counsel indicated, citing to K.S.A. 2020 Supp. 21-6820(c)(1), that a sentence resulting from a plea agreement is not subject to appellate review. This is true, even when the departure sentence is contemplated by the plea agreement. See K.S.A. 2020 Supp. 21-6820(c)(2); *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194 (2017). This perhaps explains why Morphis' counsel felt briefing was not necessary.

But Morphis did not enter into a plea agreement. He pled guilty as charged and was given a downward durational departure sentence over the State's objection. We do have jurisdiction to entertain an appeal when a defendant complains that the district court did not depart enough, as is the case here. See *State v. Looney*, 299 Kan. 903, 907-08, 327 P.3d 425 (2014). Thus, contrary to his counsel's suggestion, Morphis' sentence is reviewable. The problem is that Morphis' counsel does not explain why the district court abused its discretion in denying Morphis a dispositional departure to probation. A failure to brief a point means it is waived. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Thus, we must reject Morphis' claim on that basis.

But even if Morphis' counsel had made a vigorous argument, we see no abuse of discretion here. According to K.S.A. 2020 Supp. 21-6815(a), a district court is generally required to impose the presumptive sentence unless substantial and compelling reasons exist to impose a departure sentence. "The term 'substantial' in the departure context means 'real, not imagined, and of substance, not ephemeral.'" *Morley*, 312 Kan. at 713. "A compelling reason is one that *forces* a court—by the case's facts—to abandon the

3

status quo and venture beyond the presumptive sentence." 312 Kan. at 714. The reasons which justify a durational departure may not justify a dispositional departure.

The district court did not just cite Morphis' stated reasons for a departure but emphasized its view that Morphis' presumptive prison sentence was disproportionate under the facts and sentenced him consistent with a conviction for indecent solicitation of a child, a less severe person felony. The district court reasoned that if Morphis had engaged in direct solicitation instead of electronic solicitation, his acts would have fallen under this crime, justifying the lesser sentence. See K.S.A. 2020 Supp. 21-6818(b)(1) (proportionality of sentence permissible factor to consider when granting departure). The district court rejected probation, however, given the impact of the crime on the victim. This approach strikes us as one with which a reasonable person could agree.

Affirmed.