NOT DESIGNATED FOR PUBLICATION

No. 123,292

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA KENNON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Opinion filed December 3, 2021. Affirmed.

*Jennifer Bates*, of Kansas Appellate Defender Office, for appellant.

*Todd G. Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HURST, J., and MCANANY, S.J.

PER CURIAM: Joshua Kennon was convicted of battery on a state correctional officer following an altercation in the Treatment Reintegration Unit (TRU) at the Lansing Correctional Facility where Kennon was confined. The TRU unit is reserved for inmates with mental health issues. Kennon has been diagnosed with chronic paranoid schizophrenia. Kennon moved for a new trial claiming evidentiary errors. He also asked for a dispositional departure sentence. The trial court denied the motion for a new trial. The court also denied Kennon's request for a dispositional departure sentence but did depart in imposing a sentence of shorter duration than a standard guidelines sentence. Kennon appeals both rulings. Following our review, we conclude that Kennon fails to show any error on the part of the district court and affirm.

1

FACTUAL AND PROCEDURAL HISTORY

On the day in question, while the corrections officers in the TRU were giving inmates their medicine, Kennon tried to use the microwave, which was only supposed to be used during recreation time. Kennon ignored the orders that he not use the microwave and that he had to return to his cell. As a result, several corrections officers entered the TRU cellhouse and ordered Kennon to put his hands behind his back to be handcuffed. When Kennon refused, several corrections officers tried to put Kennon's hands behind his back, and a struggle ensued. In the course of the altercation, Kennon punched Correctional Officer Jessie Burd in the face.

The State ultimately charged Kennon with battery of a state correctional officer for having punched Officer Burd. Prior to trial, Kennon moved in limine to exclude any evidence that he also struck other corrections officers during the course of the altercation. The district court granted the motion in part, ruling that a video of the incident showing a struggle between Kennon and the various officers was admissible, but that the State could not present evidence on whom else Kennon may have hit during the struggle.

It took several years for the case to come to trial because various competency evaluations determined Kennon was not competent to stand trial. Kennon was ultimately found to be competent, and the court convened a one-day jury trial. The State presented testimony from Correctional Officers Burd and Hawkinson and from Dr. Dorothy Gralow, a psychologist at Larned State Hospital.

Officer Burd testified that Kennon disobeyed orders to stop using the microwave and to go back to his cell. When a team of correctional officers tried to gain control of Kennon, he punched Burd in the eye. Burd identified two pictures of his injuries and described to the jury what he saw in the video of the incident.

Corrections Officer Ty Hawkinson confirmed Burd's testimony that Kennon struck Burd, but Hawkinson also stated twice, without objection, that Kennon also struck other officers.

Dr. Gralow testified to her forensic evaluation of Kennon, which had been conducted about two and a half years before trial. Dr. Gralow testified that she met twice with Kennon to evaluate his mental state and competency. She explained the processes she went through in reaching her conclusion that Kennon could knowingly do something and knew what he did was wrong and could have consequences. While referring to the language of the charge against Kennon, she testified:

> "Q. . . . Were you able to make an assessment, an evaluation—
> "A. Yes.
> "Q. —whether he could knowingly do something?
> "A. Yes. He knowingly—I'll read it—knowingly caused physical contact in a rude, insulting, or angry manner.
> "Q. Okay.
> "A. And then he knew that what he did was wrong, that it could have a consequence, and that there was a problem with it.
> "Q. And even though he might have some mental health conditions, that doesn't stop him from being able to do those?
> "A. No. Of course if someone has a mental health condition, we'll look into it, but simply because you have low intellectual functioning or psychosis or depression does not mean you don't know what you're doing is wrong or that there's a consequence to it.
> "Q. Okay. And from your diagnosis of him, when you did that, he—he could make a knowingly—knowing decision; is that correct?
> "A. Yes."

On cross-examination, Dr. Gralow explained that Kennon "was able to tell me he shouldn't hit people. He was able to tell me there are consequences to hitting . . .

and he was able to tell me if you hit someone, you can hurt them, and that's why it's wrong."

Kennon objected to none of this testimony from Dr. Gralow.

Kennon did not testify on his own behalf. His sole witness was Dr. Stanley Mintz, a psychologist who interviewed Kennon on one occasion about two years before trial. Dr. Mintz testified that whether Kennon could generate intent to act in a rude, angry, or insulting manner would depend on the day. He also testified that Kennon easily becomes confused more than rude.

The jury found Kennon guilty of battery on a state correctional officer. After denying Kennon's motion for a new trial and his motion for a dispositional departure sentence, the district court sentenced Kennon to 90 months' incarceration, a durational departure sentence. Kennon appeals.

ANALYSIS

*Denial of Motion for New Trial*

*Expert Testimony*

Kennon argues that because Dr. Gralow's testimony improperly invaded the province of the jury, the district court should have granted him a new trial.

Kennon contends that in her testimony Dr. Gralow expressed her own personal opinion that Kennon was guilty of the charged crime. She did no such thing. Although under K.S.A. 2020 Supp. 60-456 an expert's opinion is not objectionable merely because it embraces the ultimate issue to be decided by the jury, an opinion on a defendant's guilt

4

or innocence in a criminal trial is not permitted. *Hunt v. State*, 48 Kan. App. 2d 1023, Syl. ¶ 4, 301 P.3d 755 (2013).

At trial the district court declared Dr. Gralow competent to express an expert opinion. The question then put to her by the prosecution was "whether [Kennon] could knowingly do something." In response, Dr. Gralow did not express an opinion on whether she believed Kennon was innocent or guilty of the charged crime. Her opinion was based on her evaluation of Kennon's state of mind several years after the incident that led to these charges. She never expressed the opinion that Kennon knowingly struck Officer Burd in a rude, insulting, or angry manner on the day of this incident. She simply expressed the opinion that based upon her evaluation several years thereafter, Kennon possessed the capacity to understand and realize that striking someone was wrong.

Kennon failed to object to Dr. Gralow's testimony when it was admitted at trial. Kennon acknowledges the general rule that issues not raised before the district court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Moreover, under K.S.A. 60-404, a judgment will not be reversed based on the erroneous admission of evidence unless there is a timely and specific objection.

Kennon claims an exception to the rule stated in *Kelly* that issues not raised before the district court cannot be raised on appeal. He claims that consideration of this issue is necessary to prevent the denial of his fundamental constitutional right to a fair trial. But this is not a new issue raised for the first time on appeal. It was raised before the district court in Kennon's oral argument on his motion for a new trial. By denying Kennon's motion, the district court necessarily found no merit to this issue. Thus, the question for us is the propriety of the district court's ruling on the motion for a new trial.

We review the district court's decision on a motion for new trial for an abuse of discretion. *State v. Pruitt*, 310 Kan. 952, 972, 453 P.3d 313 (2019). A judicial action

constitutes an abuse of discretion if it is arbitrary, fanciful, or unreasonable; or if it is based on an error of law or fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

Though the district court was not particularly expansive in explaining its ruling, we find no abuse of discretion in the district court's denial of Kennon's motion. The Kansas Supreme Court has consistently applied the contemporaneous objection rule even when an evidentiary claim involved a defendant's constitutional rights. *State v. Moore*, 302 Kan. 685, 698, 357 P.3d 275 (2015); *State v. Shadden*, 290 Kan. 803, 840-41, 235 P.3d 436 (2010). Kennon did not object to this evidence at trial. "[T]he trial court must be provided the specific objection so it may consider as fully as possible whether the evidence should be admitted and therefore reduce the chances of reversible error." *State v. Richmond*, 289 Kan. 419, 429, 212 P.3d 165 (2009). An objection at trial would have allowed the court to explore at a bench conference, if necessary, the bases for the objection.

When this issue was raised for the first time at the hearing on Kennon's posttrial motion, the full extent of his counsel's argument was:

> "[T]he main . . .point had to do with the, I believe, the testimony of the State's witness, I think, had gone beyond what was—should've been permitted in her comments about Mr. Kennon having the capacity, the ability to form a criminal intent, I think, was perhaps a bit outside of the purview of what expert testimony should've been permitted. That was, I think, the main . . . issue."

Kennon's counsel did not explain the limits of proper expert testimony or how Dr. Gralow's testimony exceeded that limit. Nor did he explain how, in his view, this testimony adversely and unfairly affected the outcome of the trial. K.S.A. 2020 Supp. 22-3501(1) provides that "[t]he court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice." Before a new trial is granted, the

6

defendant must meet the burden of proof and establish that any error caused substantial prejudice. *State v. Green*, 245 Kan. 398, 404, 781 P.2d 678 (1989). Kennon has failed to show that a new trial was required to overcome substantial prejudice and that an injustice resulted from Dr. Gralow's testimony. Based on the record before us, we find no abuse of discretion in the district court's denial of Kennon's motion for a new trial.

*Violation of the Order In Limine*

Kennon contends that the district court erred when it failed to grant a new trial based on Officer Hawkinson's testimony in violation of the order in limine. At trial, while describing the steps the officers took to control Kennon and explaining when Officer Burd was hit, Officer Hawkinson testified:

> "Q. And then I believe you said—your testimony, you said that, [r]ight there is when Officer Burd was struck.
> "A. No. Inmate—this was prior. It was towards the beginning, when two officers—
> "Q. I'm just talking about when Officer Burd was struck.
> "A. Officer Burd was struck—Mr. Kennon was standing. Mr. Kennon was standing when—when the officers had shown up to get compliance from the inmate. He was not complying. That's when he had struck two officers. One of them—there was one officer that was struck, and then the other officer was Officer Burd that [was] struck."

Kennon's counsel did not object to this testimony or ask that it be stricken.

In his motion for a new trial, Kennon contended that this portion of Officer Hawkinson's testimony violated the order in limine and that it was prejudicial to Kennon because the knowledge that he battered other officers could have led the jury to find him guilty even if they had a reasonable doubt about the battery against Officer Burd. The State now concedes that Hawkinson's testimony violated the order in limine but contends

7

that any error was harmless. At the conclusion of the hearing on Kennon's motion, the district court found that there was no error but that if there was, it was harmless.

In a direct challenge to the admission of this evidence at trial, Kennon's failure to object at trial would preclude our review because the issue was not preserved, nor was it even raised at trial for the trial court to consider. *State v. Moncla*, 262 Kan. 58, 66, 936 P.2d 727 (1997). Instead, because the violation of the order in limine was raised in the context of a motion for a new trial, Kennon frames the issue as an error in the court not granting a new trial.

As noted earlier, K.S.A. 2020 Supp. 22-3501(1) provides that "[t]he court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice." Moreover, Kennon has the burden to show that the violation of the order in limine caused substantial prejudice. See *Green*, 245 Kan. at 404. Our review standard on this issue is the same as earlier expressed with respect to Kennon's expert witness claim.

We find no abuse of discretion in the district court's denial of the motion for a new trial based on Officer Hawkinson's testimony. We are satisfied that this testimony did not affect the ultimate outcome of the case.

Kennon contends that this testimony could have led the jury to find him guilty even if they had a reasonable doubt that he battered Officer Burd. But there is overwhelming uncontradicted evidence that Kennon battered Officer Burd:

- Both Officer Burd and Officer Hawkinson testified that Kennon struck Burd.
- Officer Burd pointed out in the video when he was struck and what he did afterwards.
- The jury saw photographs of Officer Burd's injured eye.

8

• The jury saw the video of the incident, which shows a struggle between Kennon and several correctional officers.

Moreover, the State did not intentionally elicit the challenged testimony and did not continue with that line of questioning after Officer Hawkinson's response.

The district court did not abuse its discretion in denying Kennon's motion for a new trial based on Officer Hawkinson's violation of the order in limine.

*Kennon's Departure Sentence*

For his final point, Kennon contends the district court abused its discretion when it found there were substantial and compelling reasons to depart from Kennon's presumptive sentence but chose to grant only a downward durational departure instead of a dispositional departure.

We have jurisdiction to entertain an appeal when a defendant complains the district court did not depart enough. See *State v. Looney*, 299 Kan. 903, 907-08, 327 P.3d 425 (2014). A district court's decision to deny a departure sentence is reviewed for any abuse of discretion. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021). The district court abuses its discretion if no reasonable person would take the view adopted by the district court, or if the decision is based on an error of law or fact. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

In Kennon's departure motion he contended that his mental impairment was a significant mitigating factor under K.S.A. 2020 Supp. 21-6815(c)(1)(C). He referenced the opinion of Dr. Mintz, a psychologist who evaluated Kennon and testified at trial on Kennon's behalf. Dr. Mintz opined that Kennon would deteriorate and his mental illness symptoms would regress if he were reincarcerated. Kennon asked the court to permit him to serve his sentence in a community release setting. He asserted that he had already

9

served a considerable period in custody, he was doing well on parole, and he had income and stability. The State, on the other hand, noted that Kennon was in custody at the time of this incident because he had not succeeded on his own and his bond had been revoked.

The district court denied a dispositional departure but determined that Kennon's mental health was a substantial and compelling reason to depart from the presumptive sentence of 136-122 months and sentenced him to 90 months.

K.S.A. 2020 Supp. 21-6815(a) requires a court to impose the presumptive sentence provided by the sentencing guidelines unless the court finds substantial and compelling reasons to depart. "Substantial" in the departure context means "'real, not imagined, and of substance, not ephemeral.'" *State v. Morley*, 312 Kan. 702, 713, 479 P.3d 928 (2021). "A compelling reason is one that *forces* a court—by the case's facts—to abandon the status quo and venture beyond the presumptive sentence." 312 Kan. at 714. The reasons that justify a durational departure may not necessarily justify a dispositional departure. *State v. Morphis*, No. 123,243, 2021 WL 2493218, at *2 (Kan. App. 2021) (unpublished opinion), *petition for rev. filed* July 16, 2021.

We do not find that under the facts of this case the district court abused its discretion when it granted Kennon a durational departure but not a dispositional departure. A reasonable person could agree with the district court that Kennon's mental health did not justify a dispositional departure.

Affirmed.