NOT DESIGNATED FOR PUBLICATION

No. 122,969

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOANN B. GARASCIA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed June 4, 2021. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and MCANANY, S.J.

PER CURIAM: The State of Kansas charged Joann B. Garascia with felony theft under circumstances that called for a presumptive term of imprisonment. Garascia pleaded guilty to the charge and filed a motion for a dispositional departure. The district court denied Garascia's motion for a dispositional departure but granted an oral motion for a durational departure. Garascia appeals the denial of her motion for a dispositional departure. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In January 2020, the State charged Garascia with felony theft—based on two prior convictions for theft—and criminal trespass. The charges stemmed from Walmart loss prevention seeing Garascia leaving Walmart without paying for $154.48 worth of merchandise. When this occurred, Garascia was on probation in two other cases.

Garascia agreed to plead guilty in the new case and to stipulate to failing to remain law-abiding in the two probation cases. As a result of her prior theft convictions, a special rule applied to Garascia's case and her sentence was presumptive prison. See K.S.A. 2020 Supp. 21-6804(p). The district court accepted Garascia's guilty plea and dismissed the remaining count on the State's motion.

Before sentencing, Garascia moved for a dispositional departure to probation. Garascia argued that she should be granted probation because she accepted responsibility for her actions, was 32 years old and had been fighting a drug addiction for some time, the possibility for treatment would be higher if she was on probation, granting her probation would better serve society as a whole, and probation would be a better option given the COVID-19 pandemic.

The district court denied Garascia's motion for a dispositional departure. Yet the district court did grant Garascia's oral motion made for the first time at sentencing for a durational departure. To that end, the district court sentenced Garascia to 6 months' imprisonment rather than the 9 to 11 months minimum required by the Kansas Sentencing Guidelines Act. K.S.A. 2020 Supp. 21-6804(a). The district court also sentenced Garascia to 12 months of postrelease supervision.

Garascia appeals.

ANALYSIS

Appellate courts consider whether a sentencing court erred in granting or denying a departure for an abuse of discretion. See *State v. Morley*, 312 Kan. 702, 708, 479 P.3d 928 (2021). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Unless the district court has made a legal or factual error, an appellate court may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Under K.S.A. 2020 Supp. 21-6815(a), a sentencing judge must impose the presumptive sentence unless the judge finds substantial and compelling reasons to depart from the presumptive sentence. "Substantial" means something real, not imagined, and of substance, not ephemeral. "'[C]ompelling'" means that the court is forced, by the facts of the case, to leave the status quo and go beyond the ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015). K.S.A. 2020 Supp. 21-6815(c) contains a nonexclusive list of mitigating factors that the court can consider.

When considering whether a sentencing court abused its discretion in granting or denying a departure, one factor appellate courts should consider is whether the sentencing court acted reasonably when it concluded there was not a substantial and compelling reason to depart. *Morley*, 312 Kan. at 711.

Garascia argues that no reasonable person would have denied her motion for a dispositional departure and thus the district court abused its discretion. In support, she declares that her drug addiction was the issue and she would be in a better position to

address it while on probation. She also maintains that probation would have been a better option given the pandemic and its impact on those in custody. Finally, she argues that probation was the appropriate choice because she accepted responsibility for her actions.

Still, none of those arguments are enough to show that the district court acted unreasonably. Garascia committed theft while on probation in two other cases. She had a history of prior theft offenses. The court previously gave her a chance to attempt to progress through drug court. She failed to appear—disqualifying herself from the program. She continued to break the law while having already been granted probation on other cases.

And while her arguments about COVID-19 and its impact on prison populations are not without some merit, the existence of COVID-19 did not foreclose the district court's ability to sentence Garascia to imprisonment.

Ultimately, Garascia has failed to establish that no reasonable person would have taken the action the district court chose to take. Under the circumstances, it was a reasonable decision on the part of the district court to deny Garascia's motion for a dispositional departure. So the court did not abuse its discretion.

Affirmed.