NOT DESIGNATED FOR PUBLICATION

No. 124,593

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

ANDREW SHAWN TAYLOR,
*Appellee*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed November 23, 2022.
Affirmed.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for
appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before WARNER, P.J., GREEN and HILL, JJ.

PER CURIAM: The district court imposed a dispositional departure sentence that
placed Andrew Shawn Taylor on probation and suspended his presumptive prison
sentence. The State appeals this sentencing departure, arguing that the reasons for the
departure sentence that were mentioned by the court were not substantial and not
compelling. The State asks us to vacate the departure and remand for resentencing. We
will not substitute our judgment for the judgment of the district court on this point and
affirm Taylor's departure sentence.

1

*This is a drug crime.*

Taylor pleaded guilty to distribution of methamphetamine within 1,000 feet of school property. The charges stemmed from a controlled drug sale to a confidential informant in October 2020.

Before sentencing, Taylor moved for probation. He asserted four substantial and compelling reasons existed to grant his departure motion. First, he took responsibility for his crime and saved all involved time and money by pleading no contest rather than go to trial. Second, he was only 33 years old and amenable to rehabilitation and addiction treatment. Third, sentencing him to his presumptive sentence would serve no purpose other than to punish him, which is not the ultimate goal of our sentencing guidelines or the statute allowing discretionary departures. Finally, except for a 2007 conviction for no drug tax stamp, his criminal history is all misdemeanors and mainly traffic violations. He argued because this was his first serious conviction, he did not previously have a chance to try addiction treatment.

The State opposed Taylor's motion and argued the factors he gave were not substantial and compelling reasons to depart. The district court sentenced Taylor to 123 months in the Kansas Department of Corrections but suspended the sentence and placed him on probation for 36 months.

The district court explained that several concepts affected its decision to depart:

> "I do believe that there are substantial and compelling reasons for the departure, and those are fairly specific in the motion. But I do think, yes, there may be a difference between a determination—a plea of guilty and no contest. The end result was that it saved, you know, the State and the prosecution from having to move forward with a trial on this. So it is some type of acceptance to me.

2

"I also think his age is of importance here, at 33. I think there is still, you know, obviously time left. What I do see is an acceleration of activity, Mr. Taylor, you know. And your attorney is right. When you look at your criminal history, with the exception of the tax stamp, everything is traffic related essentially. But it looks like obviously we're escalating, and that is concerning for me.

"But the fact that he has not received any type of treatment, at least that I'm aware of, and I think this is the type of offense that—and due to his age, quite frankly, and criminal-history situation, he's somebody that, my opinion, should be given the opportunity to be successful at probation. So that is what I'm going to do."

The State timely appeals Taylor's dispositional departure sentence. On appeal, the State argues that the district court erred by finding that the nonstatutory factors Taylor provided were substantial and compelling reasons to depart.

*Certain sentencing fundamental points of law apply here.*

The sentencing scheme that applies in Kansas creates presumptions about criminal sentences that are affected by the seriousness of the crime and the criminal history of the accused. Some crimes call for presumptive incarceration while others call for presumptive probation. A district court shall impose the presumptive sentence established by the sentencing guidelines unless the court finds substantial and compelling reasons to impose a departure sentence. K.S.A. 2021 Supp. 21-6815(a).

K.S.A. 2021 Supp. 21-6815(c)(1) lists mitigating factors a sentencing court may consider in determining whether substantial and compelling reasons for a departure exist. That list is nonexclusive and appellate courts review nonstatutory factors for abuse of discretion. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021).

When a sentencing court grants a departure based on nonstatutory factors, we first determine whether that factor can be a mitigating factor as a matter of law under K.S.A.

3

2021 Supp. 21-6815(c)(1). Because this first step involves a legal question, review is unlimited. As a second step we decide whether the nonstatutory factor's existence is supported by substantial competent evidence. Finally, we decide whether the sentencing court acted reasonably when it found there was a substantial and compelling reason to depart. See *State v. Montgomery*, 314 Kan. 33, 36, 494 P.3d 147 (2021).

> In other words, we look to see if:
> (1) the determination of a nonstatutory factor was guided by an erroneous legal conclusion;
> (2) whether substantial competent evidence supported the factual finding that the factor existed:  an error of fact; and
> (3) whether a reasonable person would have taken the view adopted by the sentencing court.

*Morley*, 312 Kan. at 711.

*We examine the district court's reasons.*

The district court relied on three factors when granting the departure motion: (1) Taylor's acceptance of responsibility; (2) Taylor's age and amenability to rehabilitation; and (3) Taylor's lack of serious criminal history. We hold that two of the three factors are valid.

An offender's acceptance of responsibility can, as a matter of law, be a mitigating factor supporting a sentencing departure in any case. *Morley*, 312 Kan. at 711-12. Also, age can be a mitigating factor supporting a sentencing departure as a matter of law. *State v. Favela*, 259 Kan. 215, 234-35, 911 P.2d 792 (1996).

Taylor's lack of criminal history, standing alone, is not a legally valid reason to depart. See *Montgomery*, 314 Kan. 33, Syl. ¶ 3; *State v. Bliss*, 61 Kan. App. 2d 76, 113,

4

498 P.3d 1220 (2021), *rev. denied* 314 Kan. 856 (2022). Our sentencing guidelines reflect that the more crimes an offender commits results in longer sentences. Thus, it was improper for the district court here to consider Taylor's criminal history as an independent substantial and compelling reason to depart. We need not consider this question further. The other reasons the district court found adequately support its decision.

*Are these factors proved by substantial competent evidence?*

The first factor the court considered was Taylor's acceptance of responsibility. Taylor pleaded no contest to one of his crimes based on an agreement with the State. He saved all involved from spending time and resources on conducting a preliminary hearing and trial. Although he only pleaded no contest and the State made concessions, "[a] person does not always have to admit full wrongdoing or concede every material fact the State alleges to be credited with taking responsibility." *Morley*, 312 Kan. at 712. There is substantial competent evidence that Taylor took responsibility for his crime and the State does not argue otherwise.

The other factor the court considered was Taylor's age. Taylor was 33 at the time of sentencing. There is no dispute about Taylor's age, and the parties had that information available at the time of sentencing. Taylor's age was supported by substantial competent evidence.

*Did the court err when it ruled those two reasons—acceptance of responsibility and age of the offender—were substantial and compelling enough to depart from the guidelines?*

To answer this question we must understand the terms "substantial" and "compelling" and examine the arguments from both Taylor and the State.

5

Obviously, "substantial" is an adjective that varies with circumstances and context. After all, a substantial meal to a ballerina may differ a great deal from a substantial meal for a lumberjack. But Kansas caselaw has held that "substantial" means something real, not imagined, and of substance, not ephemeral. Likewise, the adjective "compelling" is descriptive but imprecise. Our courts have held that "compelling" means that the court is forced, by the facts of the case, to leave the status quo and go beyond the ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

*Taylor's acceptance of responsibility*

The State argues the district court did not act reasonably when it found Taylor's acceptance of responsibility was a substantial and compelling reason to depart. When dealing with similar circumstances, the *Morley* court explained that the proper inquiry is "whether a reasonable person would find [the defendant's] specific actions that generically constitute acceptance of responsibility to be compelling enough under these circumstances to *force* a court to abandon the status quo and reject the presumptive sentence[.]" *Morley*, 312 Kan. at 714.

The State argues that Taylor's acceptance of responsibility does not rise to the level of *forcing* the court. This would lead to a departure factor in every case in which a guilty or no contest plea is entered. The State also notes that the case against Taylor was not complicated and only required a few witnesses.

In *Morley*, the court found that the defendant's acceptance of responsibility was not a substantial and compelling reason to depart because the defendant pleaded no contest to 2 charges in exchange for the State dismissing 10 others, minimized his involvement in the crimes, and was reluctant to pay restitution for his victims' entire loss. 312 Kan. at 714.

6

Here, in response, Taylor argues that his case differs from *Morley* in three ways:

(1) Taylor never minimized his involvement in the crimes;

(2) even though the State dismissed a charge in exchange for Taylor's plea, the charge was insignificant and its dismissal did not undermine Taylor's acceptance of criminal responsibility; and

(3) the district court relied on several mitigating factors in Taylor's case—not just the acceptance of responsibility.

In our view, Taylor's acceptance of responsibility alone may not be enough for the district court to have departed. But the district court relied on several factors in reaching its decision and individual factors need not be substantial and compelling by themselves as long as the collective circumstances provide substantial and compelling reasons to depart. *State v. Jolly*, 301 Kan. 313, 331, 342 P.3d 935 (2015).

*Taylor's age and amenability to rehabilitation*

At sentencing the district court considered Taylor's age—33—a reason to depart because "there [was] still . . . time left" and he should have a chance to succeed on probation.

The State argues that Taylor's age was not a substantial and compelling reason to depart. And with his age and experience with the criminal justice system, he should have learned his lesson. The State notes that the district court did not explain how Taylor's age factored into its decision.

The State cites *State v. Cato-Perry*, 50 Kan. App. 2d 623, 332 P.3d 191 (2014). In *Cato-Perry*, a panel of this court held that, standing alone, the defendant's young age of 17 was not a substantial and compelling reason to depart. The sentencing court did not articulate in what context it considered the defendant's age. 50 Kan. App. 2d at 630-31.

7

But the *Cato-Perry* panel ultimately found that the defendant's age, combined with the fact that he served prison time since committing his crime and was amenable to rehabilitation, were substantial and compelling reasons to depart when considered collectively. 50 Kan. App. 2d at 633.

The *Cato-Perry* panel took the district court's consideration of the defendant's prison time to mean it recognized the defendant was just as likely to be rehabilitated with the time already served than by imposing a new lengthy prison term. 50 Kan. App. 2d at 631-32. Taylor argues that the same rationale applies to his case because the district court considered his age since he had not yet had an opportunity for drug treatment and rehabilitation.

As for deserving the opportunity for treatment, the State argues that the district court made an error of fact because Taylor has had the opportunity for treatment in the past. One of Taylor's prior convictions listed in his PSI report was for possession of marijuana. It is listed as a misdemeanor because the crime was amended to be a misdemeanor in 2016. See *State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015). But when Taylor was convicted in 2009, it was for a felony. As a condition of his probation, Taylor was ordered to complete mandatory drug treatment under Senate Bill 123.

There is nothing in the record showing whether Taylor underwent the drug treatment ordered in his prior case. The State points to defense counsel's statement at sentencing that Taylor successfully completed his prior probation in Sedgwick County. But defense counsel was clearly not fully aware of the situation if she did not know Taylor was previously convicted of a drug felony and had the opportunity for treatment.

Nonetheless, the State argues that even if Taylor were never ordered to enter drug treatment, he could have sought it on his own initiative. In response, Taylor notes that he is indigent and could not afford drug treatment.

None of the State's arguments persuade us to reverse the holding of the sentencing court. The reasoning of the sentencing court led it to conclude that those reasons were substantial and compelling. To reverse under these circumstances, we would be substituting our judgment for that of the sentencing court.

Although standing alone, the factors the district court considered may not be substantial and compelling, reasonable people could agree with the district court that the combined circumstances are substantial and compelling reasons to depart. Taylor prevented the State from spending time and money on his prosecution, and he was only 33 years old at the time of sentencing and was facing a long prison sentence. A reasonable person could agree with the court that Taylor deserved an opportunity at probation to get drug treatment.

Taylor's departure sentence is affirmed.