NOT DESIGNATED FOR PUBLICATION

No. 126,451

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL RAY BEADLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed August 30, 2024.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ATCHESON, P.J., HURST and PICKERING, JJ.

PER CURIAM: Defendant Michael Ray Beadle appeals the Geary County
District Court's decision to deny his request for probation after he pleaded no contest to
one count of possession of marijuana with intent to distribute and one count of possession
of cocaine with intent to distribute. The district court did afford Beadle a substantial
downward durational departure, nearly halving his presumptive prison sentence. But
Beadle argues the factors warranting that break necessarily required his requested
dispositional departure to probation be granted. As we explain, the slippery logic of that
argument renders it untenable. The district court acted well within the metes and bounds
of departure sentences, so we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In June 2021, Beadle was the passenger in a motor vehicle law enforcement officers stopped on the highway for a traffic offense that morphed into a drug interdiction that yielded 78 pounds of marijuana and slightly less than an ounce of cocaine. About a year and half later, Beadle pleaded no contest to one count of possession of cocaine with intent to distribute and one count of possession of marijuana with intent to distribute. Before his sentencing, Beadle filed a motion for a downward dispositional departure to probation on multiple grounds: (1) he was remorseful; (2) he had no prior felony convictions and, indeed, no scorable criminal history; (3) he suffered from ongoing medical complications attributable to injuries he received during his military service in Iraq; (4) he could enter a drug and alcohol treatment program; and (5) his probation would ease overcrowding in the prison system and cost substantially less than incarcerating him. In support of his motion, Beadle pointed to the results of a drug and alcohol evaluation that recommended he be referred to a pain management specialist to look for alternatives "for coping with pain due to severe headaches and Traumatic Brain Injury (TBI) instead of resorting to illicit mind- and mood-altering substances."

At the sentencing hearing in April 2023, the State opposed Beadle's motion and argued he had not accepted responsibility for his criminal conduct because he pleaded no contest rather than guilty. The State also pointed to the substantial quantity of drugs law enforcement officers seized as a strong reason against any downward departure. Augmenting his written arguments, Beadle told the district court he committed the crimes because of post-traumatic stress or trauma directly related to his military service. He also explained that his father "was facing significant health issues." And he informed the district court he planned to help with his friend's new lumber business.

After hearing the arguments, the district court denied Beadle's motion for a dispositional departure to probation but granted a material durational departure. The

2

district court specifically found the drug and alcohol evaluation report's attribution of some of Beadle's marijuana use to injuries he sustained in Iraq to be a substantial and compelling reason supporting a reduced prison sentence. The district court also referred to Beadle's limited criminal history: The presentence investigation report reflected a single misdemeanor conviction. On the possession of marijuana with intent to distribute conviction, the district court sentenced Beadle to serve 49 months in prison followed by 36 months of postrelease supervision. The sentencing guidelines called for a standard presumptive prison term of 98 months. The district court sentenced Beadle to serve a concurrent standard guidelines prison sentence of 49 months on the possession of cocaine conviction.

Beadle timely appealed. The State has not cross-appealed to challenge the downward durational departure. In April 2024 we granted Beadle's unopposed motion for summary disposition in accordance with Rule 7.041A (2024 Kan. S. Ct. R. at 48).

ANALYSIS

We have jurisdiction to hear a sentencing appeal when a district court grants a downward durational departure but denies a dispositional departure to probation. K.S.A. 21-6820(a) (departure sentence subject to appeal); *State v. Looney*, 299 Kan. 903, 904, 327 P.3d 425 (2014). For purposes of this appeal, it is undisputed that Beadle presented circumstances that could constitute grounds for mitigating a presumptive guidelines sentence. The ultimate decision on whether to depart from the guidelines falls within a district court's broad judicial discretion. See *State v. Morely*, 312 Kan. 702, 711, 479 P.3d 928 (2021). A ruling amounts to an abuse of discretion if it is arbitrary, fanciful, or unreasonable or if it is based on a legal error or a mistaken understanding of the relevant facts. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). As the party challenging the district court's decision, Beadle bears the burden of proving an abuse of discretion. See *Bilbrey*, 317 Kan. at 63.

3

On appeal, Beadle frames his argument this way: The district court erred in denying him a dispositional departure to probation "because no reasonable [person] would agree that the same substantial and compelling factors that supported the decision to grant a durational departure did not also support a dispositional departure." In turn, he says that entails an abuse of discretion. But Beadle's position rests on an illogical foundation. He functionally contends that a constellation of mitigating factors that might call for a reduced prison term *necessarily* would, in turn, require a departure to probation. In other words, according to Beadle, circumstances justifying lesser relief (a reduced prison term) without something more automatically justify greater relief (probation).

If Beadle's argument were the governing legal rule, downward durational departures would no longer exist because the grounds warranting one would also warrant a grant of probation. But that's obviously not the rule. See *State v. Smith*, No. 122,003, 2021 WL 2386034, at *2 (Kan. App. 2021) (unpublished opinion) ("[R]easons that justify a durational departure do not always support a dispositional departure."). Nor could it be. It would render a portion of the statutory sentencing scheme covering departures a nullity. See K.S.A. 21-6803(g) (recognizing and defining "dispositional departure"); K.S.A. 21-6803(i) (recognizing and defining "durational departure"); K.S.A. 21-6815(a) (district court's authority to impose departure sentence, i.e., one deviating from presumptive guidelines sentence). And we cannot endorse a judicial rule that would negate a statutory directive. *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, Syl. ¶ 6, 154 P.3d 494 (2007) (judicial interpretation should avoid adding something to statutory language or negating something already there).

Beadle does not contend the district court misunderstood the factual bases for his request for probation or misconstrued the law apart from his specious argument that valid grounds for some downward durational departure would also mandate a dispositional departure. Rather, he further suggests the district court's ruling was so far afield as to be an abuse of discretion for that reason. We are unpersuaded. The district court did

4

substantially reduce Beadle's presumptive sentence on the marijuana conviction and ordered it served concurrently with a like sentence on the cocaine conviction. The district court noted the large amount of marijuana law enforcement officers recovered in this case as a substantial factor cutting against Beadle's request for probation and otherwise dampening the effect of his grounds for mitigation. We are confident that the district court's assessment of the circumstances and its imposition of punishment given those circumstances rest within the judicial mainstream. There was no abuse of discretion.

Affirmed.