NOT DESIGNATED FOR PUBLICATION

No. 127,786

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROGER RANDALL J. GALE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRYSTAL KRIER, judge. Opinion filed October 17, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PER CURIAM: Roger Randall J. Gale shot and killed a man in Wichita. The State charged him with murder. After striking a plea bargain with the district attorney, Gale pled guilty to one count of intentional second-degree murder, a severity level one person felony crime. When he made his plea, he admitted to the court that he did not contest that the State could prove his crime was racially motivated.

At sentencing, the court found that Gale's crime was in part motivated by racism. Racism is a factor a judge can consider when asked to impose a departure sentence. K.S.A. 21-6815(c)(2)(C). The court doubled the guideline sentence and sentenced Gale to 330 months in prison.

1

Gale now appeals that sentence, contending that his upward departure sentence comes from an abuse of discretion by the district court. We receive this appeal under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48) and do not have the benefit of briefing.

*We examine what happened at the sentencing hearing.*

At sentencing, the court considered arguments from both parties. In mitigation, Gale argued that he had accepted responsibility for his actions and that his actions were the result of an overreaction and poor decision making. Gale also gave a statement to the court in which he provided a different version of events and claimed that "I'm not racist. I have a brother-in-law who is African American. I have two biracial nephews that I love with all my heart."

The sentencing court found substantial and compelling reasons existed to impose an upward durational departure and doubled Gale's prison sentence. The court noted that it had reviewed everything presented. Additionally, the court noted it had knowledge of the case by presiding over the hearings for determining his possible immunity and his plea hearing. The judge had presided over those hearings. The judge heard the testimony, saw the witnesses testify in person, and then reviewed other evidence presented in those hearings.

The court gave the following as part of its reasons for an upward durational departure sentence: the nature and circumstances of the crime; the history, character and condition of the defendant; the lowest minimum term which in the opinion of the court is consistent with public safety; the need for the defendant; and the seriousness of the crime committed by the defendant. The court also repeated later that "the reason for the upward departure is that this was a crime committed in part by race."

2

The court also commented on the evidence and Gale's actions and motivations, stating that

> "this happened over somebody walking their dog, and a dog possibly or potentially defecating in somebody's yard. And I looked at this and thought would you have reacted the same way had the people that had confronted you been white? And the answer, unfortunately, that I keep coming up with is no."

The court also stated that Gale "used the most offensive word, in [the court's] opinion, in our language."

Finally, in the journal entry, the court indicated the upward departure was based on the fact that Gale had "waived his right to have a jury determine the existence of the aggravating factor that the crime was motivated by the race or color of the victim" and that Gale "further pled no contest to that aggravated factor."

*The rules that guide us are well-established.*

When considering departure sentences under the Kansas Sentencing Guidelines Act, appellate review is limited to determining "whether the sentencing court's findings of fact and reasons justifying a departure: (1) [a]re supported by the evidence in the record; and (2) constitute substantial and compelling reasons for departure." K.S.A. 21-6820(d).

When analyzing departures from a presumptive sentence, we look for three things:

> "(1) whether the determination of a nonstatutory factor was guided by an erroneous legal conclusion [using an unlimited standard of review];
> (2) whether substantial competent evidence supported the factual finding that the factor existed, i.e., an error of fact; and

3

(3) whether a reasonable person would have taken the view adopted by the sentencing court." *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021).

*We will not substitute our judgment for the district court's.*

The sentencing court was required by law to state the substantial and compelling reasons to depart from the presumptive guideline sentence. See K.S.A. 21-6815(a). And here, the court gave its reasons:

- "nature and circumstances of the crime,"
- "the history, character and condition of the defendant,"
- "the lowest minimum term which in the opinion of the Court is consistent with public safety,"
- "the need for the defendant, and"
- "the seriousness of the crime committed by the defendant."

The record supports all of those findings.

Also, based on Gale's plea agreement and express waiver at the plea hearing to not contest the aggravated factor, the sentencing court did not abuse its discretion by imposing the upward departure. We agree with the State that Gale "chose to employ not just words conveying anger . . . but a word so uniquely and unequivocally racist that it is nearly always referred in today's society only by abbreviation: 'the N word.'" A federal case displays our thoughts on this topic: "No word in the English language is as odious or loaded with as terrible a history." *Oladokun v. Grafton School, Inc.*, 182 F. Supp. 2d 483, 493 (D. Md. 2002).

Frankly, under these circumstances, we cannot find the district court abused its discretion when it found a crime was racially motivated based on the defendant's

4

admission that the State could prove that motivation. It defies reason to ignore such an admission.

For sentencing purposes, our question is not whether Gale is a racist, but the question is, instead, was his crime racially motivated? This record supports the district court's finding that it was. We will not set that finding aside as unsupported now. The court had grounds to impose a departure sentence.

Affirmed.