NOT DESIGNATED FOR PUBLICATION

No. 128,027

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MAURICE JERMEL DOZIER,
*Appellant*.


MEMORANDUM OPINION


Appeal from Johnson District Court; CURTIS SAMPLE, magistrate judge. Submitted without oral argument. Opinion filed December 19, 2025. Affirmed.


*David S. Patrzykont*, of Kansas City, for appellant.


*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before MALONE, P.J., COBLE, J., and SEAN M.A. HATFIELD, District Judge, assigned.


PER CURIAM: Maurice Jermel Dozier appeals from the trial court's finding that he was not entitled to a self-defense affirmative defense. He argues the court misapplied the statute allowing reasonable use of force in limited circumstances. But because Dozier initially provoked the physical altercation, his use of force was unreasonable and he was not entitled to the affirmative defense. We find substantial and competent evidence supports the trial court's decision and affirm.


1

A physical altercation between Maurice Dozier and Kara Anderson resulted in misdemeanor charges of domestic battery and criminal deprivation of property for Dozier. The case proceeded to a bench trial.

Anderson testified that she and Dozier had an agreement that while she was at work, Dozier could use her food delivery account and car to make money. One day, Anderson noticed that Dozier made deliveries to Kansas City, Missouri, which was farther than she felt comfortable with him going in her car. She asked him to bring the car back. They met up in her car across the street from her workplace, at a Casey's gas station. Anderson was in the driver's seat and Dozier occupied the passenger seat.

The two sat in silence until Dozier asked why Anderson was just sitting there, to which Anderson responded that she wanted Dozier to get out of her car. Dozier said he would get out as soon as he got his money—which was sitting in Anderson's food delivery account. Anderson told him no, because she believed he owed her money for gas and mileage from Dozier using her car. Anderson testified that her phone was on her leg when Dozier reached over and grabbed it from her. Dozier testified that Anderson was holding her phone and admitted that he saw Anderson had the food delivery app open on her phone so he "just snatched [the phone] from her." Anderson testified that Dozier did not have her permission to take her phone.

After Dozier took her phone, Anderson accused Dozier of grabbing her head to unlock the food delivery app with facial recognition. Anderson testified that while Dozier tried using her face to unlock the app, Dozier hit her in the face with the phone. Dozier disputed that he needed to use facial recognition to get into the app or Anderson's phone.

After the app was unlocked, Dozier turned away from Anderson and tried to transfer the money in the app to his bank account. Meanwhile, Anderson was reaching over and trying to get her phone back. Anderson testified that Dozier thwarted her attempts by elbowing her and telling her to get off him. Anderson attempted again to get her phone, but this time Dozier bit her hand which left visible marks. Dozier would not release his bite, so Anderson poked and scratched his face and eyes until he let go. Dozier denied hitting or elbowing Anderson, but he did admit to biting her "[b]ecause I couldn't get her damn hands off me."

Anderson finally exited the car, walked into Casey's, and asked the clerk to call the police. Dozier also called the police.

In addition to Anderson and Dozier's testimony, the trial court considered two exhibits submitted into evidence by the State: (1) the responding officer's body camera and (2) a picture of Anderson's thumb showing a bite mark injury.

After considering the testimony and evidence, the trial court found little dispute as to the criminal deprivation of property allegation. The court noted that the phone was Anderson's property, it was taken from her without her permission, and it was held for a time away from her. So, the court found Dozier guilty of criminal deprivation of property.

On the domestic battery allegation, the trial court weighed the credibility of both Dozier's and Anderson's testimony. The court stated:

> "If we are to believe Ms. Anderson, Mr. Dozier's bent over. He's got her phone. His back is to her. She is struggling, trying to get her phone back.
> "And at that point he bites here [*sic*]. At which point she then scratches at his face and eyes to release the bite, I think is the way she terms it.

"And then gets out of the vehicle at that point.

"If we're to believe that, then that's clearly a domestic battery I think."

And on the other side, the court stated that if Dozier were believed,

"that he's going through the phone. That she is trying to get the phone back. And she is scratching and clawing at him. Has her fingers in his eyes.

"And at that point he bit her to get her fingers off. Obviously, he's arguing that he's defending himself in, in biting her that way."

The court then considered the statute on defense of property, stating, "[O]bviously, it's [Anderson's] phone," and stated that Anderson was

"justified in using force to get that property back. Or terminate an unlawful interference with that property.

"So, if Mr. Dozier has her property and she wants to terminate an unlawful interference with such property, she's justified in using force necessary to do that.

"Obviously, she's not on trial here. But if she's justified in using that force, then I don't know that Mr. Dozier can claim self-defense."

The trial court also made factual findings that Anderson's testimony was more credible. It found that the way she described the events made more sense, and the court found Dozier guilty of domestic battery.

After finding Dozier guilty, the court granted probation, and Dozier timely appealed.

ANALYSIS

In Kansas, a person is justified in using force in certain circumstances. The use of force is justified when the person reasonably believes that such use of force is necessary

4

to defend themselves or a third person against another's imminent use of unlawful force. K.S.A. 21-5222(a). The statutory definition of "[u]se of force" is:

> "(A) Words or actions that reasonably convey the threat of force, including threats to cause death or great bodily harm to a person; (B) the presentation or display of the means of force; or (C) the application of physical force, including by a weapon or through the actions of another." K.S.A. 21-5221(a)(1).

The use of force may also be justified in defense of property. In such circumstance, the force is justified when the person is lawfully in possession of property other than a dwelling, place of work, or occupied vehicle, and uses the force to prevent or terminate an unlawful interference with such property. The statute limits the use of force as only that which a reasonable person would deem necessary to prevent or terminate the interference. K.S.A. 21-5225.

Finally, the Legislature made the affirmative defense unavailable to a person who:

> "(a) Is attempting to commit, committing or escaping from the commission of a forcible felony;
> "(b) initially provokes the use of any force against such person or another, with the intent to use such force as an excuse to inflict bodily harm upon the assailant; or
> "(c) otherwise initially provokes the use of any force against such person or another . . . ." K.S.A. 21-5226.

*Substantial competent evidence supports the trial court's findings.*

Here, we review to determine whether substantial competent evidence supports the trial court's factual findings. See *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021). Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. It "does not require

5

evidence to *prove* a fact; rather, it simply requires evidence to sufficiently *support* the fact-finder's conclusion." *State v. Morley*, 312 Kan. 702, 712, 479 P.3d 928 (2021).

By this standard, "an appellate court must not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact." *Granados v. Wilson*, 317 Kan. 34, 41, 523 P.3d 501 (2023). In a case in which the appellate court must review the trial court's findings for substantial competent evidence, the appellate court is reviewing a trial court's findings of fact, so "it must not substitute its own judgment of the facts and assessment of witness credibility for that of the district court, even when it reasonably finds witness testimony 'unpersuasive.'" 317 Kan. at 55.

*Dozier was not entitled to a self-defense affirmative defense.*

Dozier argues that the trial court erroneously interpreted the statute permitting the use of force to protect property other than a dwelling, place of work, or vehicle. Dozier argues that nothing in the record justifies "the clawing of one's face and eyes as necessary to terminate interference with a cellular phone." He concludes that the use of force was not necessary to terminate Dozier's interference with Anderson's property, and "[d]efinitely not the use of force that could have caused great bodily harm or disfigurement." He also argues that by statute he was entitled to assert self-defense because his deprivation of Anderson's property was not a felony, nor did he provoke the use of force against another. We are not persuaded.

The trial court heard the evidence and testimony of Anderson, Dozier, and the law enforcement officer that took both witnesses' statements at the scene. Based on this evidence, the trial court found Anderson's testimony more credible than Dozier's. This court may "not substitute its own judgment of the facts and assessment of witness credibility for that of the district court, even when it reasonably finds witness testimony 'unpersuasive.'" *Granados*, 317 Kan. at 55. The trial court was in the best position to

assess the witnesses' credibility and found Anderson's version of events was more credible and made more sense.

Further, substantial competent evidence supported the trial court's finding that Dozier was not entitled to a self-defense affirmative defense. Several actions occurred before the contested self-defense action. First, Dozier grabbed Anderson's phone. Dozier then grabbed Anderson's head to use her face to unlock the phone, and in doing so, he hit her face with the phone. Then, when Anderson tried to get her phone back, Dozier elbowed her and told her to get off him. As Anderson tried to get her phone back once again, Dozier bit her hand. To break free from the bite, Anderson scratched Dozier's face and eyes.

There was substantial competent evidence to support the trial court's finding that Dozier was not entitled to a self-defense affirmative defense, and we find no error.

Affirmed.