NOT DESIGNATED FOR PUBLICATION

No. 126,591

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LOUIS GEORGE GALLOWAY JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Submitted without oral argument. Opinion filed June 14, 2024. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Brian Deiter*, assistant district attorney, *Vincent Amiri*, legal intern, *Suzanne Valdez*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before COBLE, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Through a plea agreement, Louis George Galloway Jr. pled no contest to one count of possession of methamphetamine. Before sentencing, Galloway moved for either a dispositional or durational departure. The district court denied Galloway's request for dispositional departure but granted his request for durational departure. On appeal, Galloway argues the district court abused its discretion by denying his request for dispositional departure because his desire to seek rehabilitation for his drug addiction presented substantial and compelling reasons to depart to probation. A

1

review of the record, however, shows the district court's decision was reasonable, and we affirm the sentence imposed by the district court.

FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2021, the State charged Galloway with one count of interference with law enforcement, one count of possession of methamphetamine, and one count of battery of a law enforcement officer. Under a plea agreement with the State, Galloway agreed to enter a plea of no contest to possession of methamphetamine as charged in count 2 of the complaint. In return, the State agreed to dismiss counts 1 and 3 and dismiss with prejudice two other criminal cases pending against Galloway. The plea agreement left sentencing open.

At the plea hearing, the district court asked Galloway whether he understood that his potential sentence ranged from 10 to 42 months in prison for the possession of methamphetamine conviction. Galloway responded affirmatively. The district court accepted Galloway's plea of no contest, found a factual basis existed to support the charge, and convicted him of possession of methamphetamine.

The district court set Galloway's case for sentencing on February 8, 2023, but the district court later cancelled the sentencing hearing to allow for a Senate Bill 123 assessment—that is, a drug abuse treatment program pursuant to K.S.A. 21-6824. Galloway, however, did not appear at the rescheduled sentencing hearing, and the district court rescheduled sentencing for March 23. On March 22, Galloway sought either a durational or dispositional departure. Due to the newly filed motion, the district court rescheduled sentencing for April 13. Galloway, however, again failed to appear in person for sentencing, and the district court issued a bench warrant for his arrest.

2

In the meantime, Galloway filed an amended motion for either a durational or dispositional departure. Galloway argued that his drug addiction and willingness to seek substance abuse treatment presented substantial and compelling reasons to warrant a departure to probation or, in the alternative, a lesser prison sentence. Additionally, Galloway discussed the relationship with his daughter for whom he provided care, and he claimed he was not a danger to the community.

Eventually, the district court held sentencing on June 15, and the court addressed Galloway's departure motion. The district court found that Galloway was not amenable to probation because he had a history of violence toward law enforcement officers, faced new criminal charges, failed to voluntarily appear for sentencing, and did not attempt to seek rehabilitation for his drug addiction. Thus, the district court did not find substantial and compelling reasons existed to justify a dispositional departure to probation. The court, however, granted Galloway's request for a durational departure. It reasoned that Galloway's entry of plea showed a desire for rehabilitation and the degree of harm associated with a possession crime was low. Because Galloway was convicted of a nonperson drug felony, the district court disregarded the person felonies from Galloway's criminal history, which essentially lowered his criminal history score to E. Accordingly, the district court sentenced Galloway to 20 months' imprisonment with 12 months' postrelease supervision.

Galloway timely appeals.

### THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION

Galloway argues the district court abused its discretion when it found his desire to seek rehabilitation for his drug addiction did not present substantial and compelling reasons for a departure to probation. The State responds that the district court's decision was reasonable because Galloway had a violent history with law enforcement, lacked

3

accountability in seeking treatment, and it was unlikely Galloway would have succeeded on probation.

Under K.S.A. 21-6820(a), a defendant or the State may appeal a departure sentence. Particularly, in those instances where the district court denies a dispositional departure to probation yet grants a downward durational departure, an appellate court has jurisdiction to consider a defendant's complaint that the district court "'did not depart enough.'" *State v. Looney*, 299 Kan. 903, 907, 327 P.3d 425 (2014). Because Galloway essentially argues his case warranted more than a simple durational departure, we may consider the merits of his appeal. See 299 Kan. at 909.

District courts must "impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence." K.S.A. 21-6815(a). In making its determination, the district court may look to the nonexclusive list of mitigating factors set forth in K.S.A. 21-6815(c), but may also consider "'other, nonstatutory factors'" if there is evidence in the record to support such factors and their use would be consistent with the intent and purposes of the sentencing guidelines. *State v. Hines*, 296 Kan. 608, 616, 294 P.3d 270 (2013).

The revised Kansas Sentencing Guidelines defines a mitigating factor as "a substantial and compelling reason justifying an exceptional sentence whereby the sentencing court may impose a departure sentence outside of the standard sentencing range for a crime." K.S.A. 21-6803(n). "Substantial means 'real, not imagined, and of substance, not ephemeral.' And a compelling reason is one that 'forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose.'" *State v. Montgomery*, 314 Kan. 33, 36, 494 P.3d 147 (2021) (quoting *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 [2008]).

On appeal, we review a district court's denial of a motion requesting a departure sentence for an abuse of discretion. *State v. Galloway*, 316 Kan. 471, 476, 518 P.3d 399 (2022). Generally, a judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

Our review is limited to determining "whether the sentencing court's findings of fact and reasons justifying a departure: (1) [a]re supported by the evidence in the record; and (2) constitute substantial and compelling reasons for departure." K.S.A. 21-6820(d). In *State v. Morley*, 312 Kan. 702, 479 P.3d 928 (2021), the Kansas Supreme Court clarified the framework for applying the abuse of discretion standard to review of departure decisions, stating:

> "[A]ppellate review of the departure decision should follow a three-step framework: (1) determine whether the sentencing court's nonstatutory factor can be a mitigating factor as a matter of law under K.S.A. 2019 Supp. 21-6815(c); (2) if it can, then decide whether that nonstatutory factor's existence is supported by the record; and (3) if so, then determine whether the sentencing court acted reasonably when it concluded there was a substantial and compelling reason to depart in a particular case based on that nonstatutory factor by itself or collectively with other statutory or nonstatutory factors cited by the sentencing court.
>
> "... Put differently, the respective inquiries on each analytical step are: (1) whether the determination of a nonstatutory factor was guided by an erroneous legal conclusion; (2) whether substantial competent evidence supported the factual finding that the factor existed, i.e., an error of fact; and (3) whether a reasonable person would have taken the view adopted by the sentencing court. And it is important to emphasize that only the first step involves a legal question, subject to unlimited review." 312 Kan. at 711.

Because Galloway does not point to any alleged errors of fact or law, we must only address whether no reasonable person would agree with the district court's decision

to deny Galloway's motion for dispositional departure. As the party asserting the district court abused its discretion, Galloway bears the burden of proof. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Galloway simply claims the district court abused its discretion because placing him on probation with intensive outpatient treatment was a far better option to treat his drug addiction than sending him to prison. The district court clearly considered Galloway's addiction and found his desire for treatment to constitute substantial and compelling reasons to warrant a durational departure. But just because the district court agreed those factors rose to the level of substantial and compelling reasons to depart durationally does not then mean the court was unreasonable in finding those factors did not warrant a dispositional departure to probation. See *State v. Ballard*, 289 Kan. 1000, 1009, 218 P.3d 432 (2009) (finding the same set of mitigating factors may lead the district court to grant a durational departure without also granting a dispositional departure).

The district court reasoned that probation was inappropriate because Galloway had a pattern of opposition to those in positions of authority over him, including violent altercations with law enforcement officers. Galloway also failed to voluntarily appear at sentencing twice, which required the district court to issue a bench warrant for his arrest. Galloway admitted that he had missed the sentencing date because he was using methamphetamine. And although Galloway's entry of plea showed a desire for rehabilitation, he never acted upon that desire by seeking treatment while awaiting sentencing. Thus, Galloway's actions did not demonstrate to the district court he would be successful on probation in outpatient treatment.

Galloway fails to meet his burden to show it was unreasonable for the district court to deny his request for dispositional departure. Based on the district court's findings, a reasonable person would have agreed that probation was not warranted. We find the

6

district court properly exercised its discretion when it denied Galloway's departure request.

Affirmed.